In The
United States District Court For The District Of Columbia

So. Central Regional Jail
Harvey Patrick Short #1165-915
1001 Centre Way
Charleston, W.V
25309,
    Petitioner

v.

Federal Bureau Of Investigations
United States Department Of Justice
Washington, DC 20001,
    Respondent

CASE NUMBER 1:05CV02412
JUDGE: Unassigned
DECK TYPE: FOIA/Privacy Act
DATE STAMP: 12/15/2005

CASE RE-ASSIGNED
JAN 13 2015
ROBERTSON, J. JR

## Petition For A Writ Of Mandamus

Now Comes the Petitioner, Harvey Patrick Short, proceeding in propria persona, who respectfully petitions this Honorable Court to issue a writ of mandamus commanding that the Respondent performs its mandatory and purely ministerial duties correctly. The Petitioner seeks this issuance of a writ of mandamus pursuant to Title 28 U.S.C 1361 and says the following:

1) This Court has subject-matter jurisdiction under Title 28 U.S.C 1361;
2) The Respondent is an United State Agency called the Federal Bureau Of Investigations;
3) The Petitioner is a pretrial detainee in the State of West Virginia at South Central

-1-

Regional Jail;

4) The Respondent's principal place of business and headquarters is in Washington, DC;

5) The Respondent has a duty under the United States Constitution and under Acts of Congress to collect <u>accurate data</u> on criminal defendants and store it in the "NCIC" data base for use by law enforcement agency and the courts on the state level and federal levels;

6) The Respondent has false and inaccurate information on the Petitioner's criminal history record in the "NCIC" Interstate Identification Index;

7) The false and inaccurate prior criminal history in the "NCIC" has been distributed by the Respondent to law enforcement and the courts in West Virginia to the Petitioner's detriment;

8) The Petitioner's FBI No. is 829119AA0;

9) The Petitioner's state Id numbers are (NC) NC0714202A and (SC) SC01478080;

10) The Petitioner states that the following listed criminal offenses were dismissed by the Circuit Court For Baltimore City, but the Respondent still has them listed as convictions

in the "NCIC" data base:

a) Cycle 2 arrest date: 9-13-83
   Assault and Robbery Armed
   Handgun in Commission of Felony
   Assault and Robbery Handgun
   Handgun Felony

b) Cycle 3 arrest date: 10-7-83
   Armed Robbery
   Possession of Sawed Off Shot

c) Cycle 5 arrest date: 5-1-85
   Burglary Commercial
   Burglary Commercial
   Theft Over $300.00
   Malicious Destruction of Property

d) Cycle 7 arrest date: 10-24-86
   Escape From Baltimore City Jail
   (The Petitioner never escaped from Baltimore City Jail.)

e) Cycle 8 arrest date: 4-28-87
   Resisting arrest by police
   Common Assault

-3-

f) Cycle 9 arrest date: 5-18-87
   Robbery Attempt Armed
   Battery Aggravated
   Handgun Felony

g) Cycle 10 arrest date: 3-9-88
   Robbery with deadly weapon
(The Petitioner was convicted in this case, but it was vacated at post-conviction proceedings on May 30, 1990 in the Circuit Court For Prince Georges County, Maryland.)

h) Cycle 11 arrest date: 8-4-88
   Robbery with deadly weapon
   Use of Handgun
(The Petitioner was convicted in this case, but it also was vacated on May 30, 1990 in the Circuit Court For Prince Georges County, Maryland.); and,

i) Cycle 12 arrest date 9-29-88
   Failure to Appear

11) The Petitioner states that all the charges from subparagraphs a) through i) were dismissed by the courts;

-4-

12) The Petitioner requests that this Court issues a writ of mandamus commanding that the Respondent delete or remove the offenses from a) through i) out of the Petitioner's prior criminal history in the "NCIC" data base;

13) The Petitioner has requested that the Respondent correct the false prior criminal history, and the Respondent failed to respond;

14) The Petitioner also states that the Respondent is violating United States Laws by placing the Petitioner's North Carolina criminal history in the "NCIC" twice to make it look like alot more crimes were committed by the Petitioner;

15) In the North Carolina criminal history, the charges listed in cycle 8, cycle 9, cycle 11, cycle 12, cycle 13, and cycle 14 were dismissed and covered 5 pages;

16) However, when the Petitioner was indicted and recharged for the charges in cycles 8, 9, 11, 12, 13, and 14, the charges are all again listed as convictions and dismissals in cycles 15, 16, and 17;

17) The Respondent is prejudicing the Petitioner by putting the North Carolina criminal record

-5-

in the "NCIC" twice, because all the papers make it appears that the Petitioner has committed more crimes when in fact the same crimes are listed twice in the "NCIC";

18) The Petitioner states that he has been prejudice and damaged by the false criminal history listed in paragraph #10 at his preliminary hearing, bond hearing, and plea agreement conference here in West Virginia which relys on information from the FBI's "NCIC" data base;

19) The Petitioner states also that by the Respondent placing the North Carolina charges in the "NCIC" data base twice or three times that it makes it look like alot more criminal activity than it is and that it has prejudiced and harmed the Petitioner in West Virginia courts and in obtaining employment;

20) The Petitioner requests that the Court commands the Respondent to list the North Carolina criminal history one time as convictions;

21) The Petitioner states that his 14th Amendment U.S Constitutional Right to due process has been violated and his right to equal protection of the law by the false criminal

-6-

history and the duplication of the North Carolina criminal history two and three times in the "NCIC" data base; and,

22) The Respondent has a mandatory duty to report accurate criminal history in the "NCIC";

23) The Respondent has a duty to put the criminal history in the "NCIC" once or one time, not two or three to make it look like more criminal activity; and,

24) The Respondent has a duty to follow the U.S Constitution and Acts of Congress in collecting crime data.

Wherefore, the Petitioner prays that a writ be issued commanding that the inaccurate convictions in subparagraph #10 be corrected and deleted from the FBI's "NCIC" and that the North Carolina criminal history only appears one time in the "NCIC" data base.

Respectfully submitted,
Harvey P. Short
Harvey P. Short
South Central Regional Jail
1001 Centre Way
Charleston, WV 25309

-7-

State of West Virginia  
County of Kanawha  } -- SS -- Affidavit

## Affidavit Of Harvey P. Short

The Affiant, Harvey P. Short, being duly sworn deposes and says the following:

1) I am over 18 years of age, and I am competent to testify in a court of law;

2) I make this affidavit based upon personal knowledge;

3) I am the Petitioner in the attached civil action seeking a writ of mandamus;

4) That the well-pleaded facts in the petition are true and correct;

5) I state that the content of the motion to waive filing fees and costs is true and correct;

6) I state that the facts in the petition for writ of mandamus are true and correct; and,

7) I state that due to my poverty that I am unable to defray filing fees and costs.

05 2412  
FILED  
DEC 15 2005  
NANCY MAYER WHITTINGTON, CLERK  
U.S. DISTRICT COURT

### Verification

I hereby certify under the penalties

-1-

of perjury that the content of this affidavit is true and correct based upon the personal knowledge of the Affiant, Title 28 U.S.C 1746.

Harvey P. Short
Harvey P. Short
South Central Regional Jail
1001 Centre Way
Charleston, WV
25309

Executed November 17, 2005.

-2-