UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARVEY PATRICK SHORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-2412(JR) |
| v. ) | |
| ) | |
| FEDERAL BUREAU OF INVESTIGATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT'S MOTION TO DISMISS, FOR SUMMARY JUDGMENT,
OR TO TRANSFER THIS SUIT**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Federal Rules"), Defendant, the Federal Bureau of Investigation, moves to dismiss the above-captioned suit for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  Alternatively, pursuant to Rule 56 of the Federal Rules, Defendant moves for summary judgment because there are no genuine issues in dispute and Defendant is entitled to judgment as a matter of law.[1]  Defendant further avers that

---

[1] Plaintiff should take notice that any factual assertions contained in the declaration in support of Defendant's motion will be accepted by the Court as true unless Plaintiff submits his own declaration or other documentary evidence contradicting the assertions in the attached declaration.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992) and Rule 56(e) of the Federal Rules of Civil Procedure which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to

transfer of this suit to the Southern District of West Virginia would be appropriate, and thus, alternatively, moves to transfer this suit.

Pursuant to Local Rules 7(a), (c), and (h) respectively, a memorandum of points and authorities supporting this motion, a statement of genuine issues as to which there is no genuine dispute, and a proposed order consistent with the relief requested herein are attached.

Date: April 21, 2005                Respectfully Submitted,


/s/ Kenneth L. Wainstein /dvh
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/ Rudolph Contreras /dvh
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

---

interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

|  |  |
|---|---|
|  | /s/ Beverly M. Russell |
| Of Counsel: | _____ |
| Henry R. Felix, Esq. | BEVERLY M. RUSSELL, D.C. Bar #454257 |
| Federal Bureau of Investigation | Assistant United States Attorney |
|  | United States Attorney's Office for the |
|  |  District of Columbia |
|  | 555 4th Street, N.W., Rm. E-4915 |
|  | Washington, D.C. 20530 |
|  | Ph:  (202) 307-0492 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARVEY PATRICK SHORT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF INVESTIGATION, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 05-2412(JR) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS, FOR SUMMARY JUDGMENT,
OR TO TRANSFER THIS SUIT**

Plaintiff Harvey Patrick Short, proceeding pro se, is currently incarcerated at the South Central Regional Jail in Charleston, West Virginia. Plaintiff's principal claim is that the Federal Bureau of Investigation ("FBI") maintains "false and inaccurate information" on his criminal history record in the National Crime Information Center ("NCIC") database. Pl.'s Compl. at 2. Plaintiff alleges that the false information has been distributed by the FBI to law enforcement agencies and to courts in West Virginia to Plaintiff's detriment. Id. at 2 and 6. Additionally, he alleges that his North Carolina criminal history appears in the NCIC twice. Id. at 5. Plaintiff alleges that his 14th Amendment constitutional rights to due process and his right to equal protection of the laws have been violated by the "false" criminal history and the duplication of the North Carolina criminal history in the NCIC database. Id. at 6-7. He requests that the Court issue a writ of mandamus compelling the FBI to delete or remove certain offenses from

his criminal history in the NCIC database, and to have his North Carolina criminal history listed just once. Id. at 5.

Plaintiff's allegations, construed in the light most favorable to him, will not support a claim for mandamus. Accordingly, his Complaint should be dismissed, or alternatively, summary judgment granted in Defendant's favor. Alternatively, Defendant respectfully submits that the case should be transferred consistent with 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a).

## I.    BACKGROUND

The NCIC, discussed above, is coordinated by the FBI's Criminal Justice Information Services ("CJIS") Division. See Declaration of Kimberly J. Del Greco, ¶ 3 (attached hereto). The FBI's CJIS Division serves as the nation's central repository for identification and criminal history record information ("CHRI") functions. Id. The CHRI incorporates the Fingerprint Identification Records System ("FIRS"), the NCIC, and the National Instant Criminal Background Check System. Id. These systems are established and maintained pursuant to 28 C.F.R. § 534, which states that "the Attorney General shall" acquire, collect, classify, and preserve identification, criminal identification, crime, and other records; and exchange such records and information with, and for the official use of authorized officials of the Federal Government, including the United States Sentencing Commission, the states, cities, and penal and other institutions. Id. The

power and authority vested in the Attorney General has been delegated to the FBI CJIS Division.  Id.; see also 28 C.F.R. § 0.85.

## II.  STANDARD OF REVIEW

### A.  Dismissal for Lack of Subject Matter Jurisdiction (Fed.R.Civ.P. 12(b)(1))

"A motion under 12(b)(1) 'presents a threshold challenge to the court's jurisdiction.'"  Gardner v. U.S., CIV. A.No.. 96-1467(EGS), 1999 WL 164412, *2 (D.D.C. Jan. 29, 1999), aff'd, 213 F.3d 735 (D.C. Cir. 2000) and cert. denied, 531 U.S. 1153 (2001), quoting, Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir.1987); see also 4 Wright & Miller:  Federal Prac. & Proc. § 1350 (R12)(2002 Supplement)("...subject matter jurisdiction deals with the power of the court to hear the plaintiff's claims in the first place, and therefore imposes upon courts an affirmative obligation to ensure that they are acting within the scope of their jurisdictional power.")

A court may resolve a motion to dismiss brought pursuant to Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint.  Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and  other extrinsic information, and ultimately weigh the conflicting evidence.  See id.; see also Cureton v. United States Marshal Service, 322 F.Supp.2d 23, 2004 WL 1435124, *2 (D.D.C. June 28, 2004).

### B.     Motion for Failure to State a Claim (Fed.R.Civ.P. 12(b)(6))

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules should be granted if the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Although the plaintiff is given the benefit of all inferences that reasonably can be derived from the facts alleged in the complaint, the court need not accept inferences that are not supported by such facts, nor must the court accept plaintiff's legal conclusions cast in the form of factual allegations.  Id.  Additionally, if a party relies on matters outside the pleading to support a motion to dismiss pursuant to Rule 12(b)(6), such motion is treated and disposed as one for summary judgment pursuant to Rule 56 of the Federal Rules.  Fed.R.Civ.P. 12(b)(6).

### C.     Summary Judgment (Fed.R.Civ.P. 56)

Summary judgment may be granted when the pleadings and evidence demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  A genuine issue is one that could change the outcome of the litigation.  See Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 243 (1986).  While all evidence and the inferences drawn therefrom must be considered in the light most favorable to the nonmoving party, see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), the nonmoving party - when

faced with a summary judgment motion - has the burden of establishing more than the "mere existence of a scintilla of evidence" demonstrating a genuine issue in dispute for purposes of defeating the moving party's motion.  See Lester v. Natsios, 290 F.Supp.2d 11, 19-20 (D.D.C. 2003), citing Anderson v. Liberty Lobby, Inc., 477 U.S. at 255.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-250.  As the Supreme Court has stated, "[o]ne of the principle purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." Celotex, 477 U.S at 323-324.

### III.  ARGUMENT

####   A.  This Case Should Be Dismissed or Summary Judgment Granted to Defendant.

#####    1.  Plaintiff Is Not Entitled to Mandamus Relief.

In his complaint, Plaintiff invokes the Mandamus Act, 28 U.S.C. § 1361, for this Court to exercise subject matter jurisdiction in this case.  This case, however, does not fit within the scope of that limited grant of jurisdiction.  The common law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.  See Kerr v. United States District Court, 426 U.S. 394, 402-03 (1976) (discussing 28 U.S.C. § 1651); United States ex rel. Girard Trust Co. v. Helvering, 301 U.S. 540, 543-44 (1937); Heckler v. Ringer, 466 U.S. 602, 616 (1984).

For purposes of this suit, there is no Federal statute authorizing expungement of plaintiff's criminal history record. As noted, 28 U.S.C. § 534, the NCIC statute, directs the Attorney General to, among other things, "acquire, collect, classify, and preserve" criminal records. 28 U.S.C. § 534. The statute expressly states such records "may include" information regarding "arrests" or "convictions." Id. This statutory language thus authorizes the Attorney General to maintain the very records Plaintiff now asks the Court to expunge. See Allen v. Webster, 742 F.2d 153, 155 (4th Cir. 1984).

Furthermore, on its face, 28 U.S.C. § 534 does not contain any language that might be read to create either a private right of action or a remedy for individuals seeking expungement of their criminal records. See Alexander v. Sandoval, 532 U.S. 275, 286 (2001) ("Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress."). This stands in stark contrast to other federal statutes, such as the Federal Youth Corrections Act, 18 U.S.C. § 5005, et seq., that expressly authorize expungement. The fact that certain federal statutes contain an expungement provision while others, like 28 U.S.C. § 534, do not, indicates that Congress did not intend to authorize expungement under the circumstances as alleged in Plaintiff's complaint. Because there is no law requiring the FBI to take action on Plaintiff's expungement request, Plaintiff cannot establish the violation of a clear nondiscretionary duty. Thus, the Court lacks jurisdiction under the Mandamus Act. Additionally, as explained below, Plaintiff has not exhausted all avenues of relief.

### 2. This Court Should Decline to Exercise Any Inherent Authority to Order the Expungement of FBI Records.

By limiting the availability of expungement to certain categories of cases, Congress has indicated that it did not intend to create a general expungement remedy. Further, any federal common law rights and remedies, if they existed at all, would have been eliminated, at least implicitly, when Congress created an expungement remedy for certain categories of cases, but not for others.  See Alexander, 532 U.S. at 286-87.  See e.g., United States v. Janik, 10 F.3d 470, 473 (7th Cir. 1994) (federal courts "'inherent' power extends to the management of judicial business," but does not provide them with authority to order an executive branch agency to expunge its records); United States v. Singleton, 442 F. Supp. 722, 724 (S.D. Tex. 1977) ("the expungement of arrest records in this case is a matter to be dealt with by the Congress and not by this court").

The law of this Circuit, however, appears to recognize limited inherent equitable power in federal courts to order expungement.  In Tarlton v. Saxbe, 507 F.2d 1116 (D.C. Cir. 1974), the court decided that it possessed the inherent authority necessary to order the expungement of records maintained by the FBI.  See Livingston v. United States Department of Justice, 759 F.2d 74, 78 (D.C. Cir. 1985); Doe v. Webster, 606 F.2d 1226 (D.C. Cir. 1979). This power generally is reserved for those cases involving "either a lack of probable cause coupled with special circumstances, flagrant violations of the Constitution, or other unusual or extraordinary circumstances."  Doe, 606 F.2d at 1230.

7

Because none of these elements of are present in this case, the Court should decline any invitation to exercise its inherent authority.

Plaintiff alleges that certain entries in his criminal history record are listed as "convictions" even though they were all allegedly dismissed and requests correction and deletion of the same.  Compl., pp. 2 - 4 .  Plaintiff's request is misplaced.  There is no legal requirement for the FBI to maintain only those arrest records reflecting convictions.  DelGreco Decl. ¶ 12.  While the FBI may maintain information concerning dispositions[1] of criminal proceedings, with few exceptions, acquittal, dismissal, not guilty or other similar judgments only denote termination of the criminal proceeding and do not serve to effect the removal of CHRI from federal/state criminal history repositories.  Id. ¶ 12.  The FBI CJIS Division may only effect revision or removal of any criminal record information, including the posting of final dispositions, when specifically notified to do so by the agency which originally submitted it, a court with jurisdiction over the agency's records, or a state criminal history repository having authority to delete and/or modify arrest record entries for the entire state.  Id. ¶ 13.

Additionally, with regard to Plaintiff's arrest record in North Carolina for which he requests the elimination of duplicate entries, that state is part of the National Fingerprint

---

[1]As defined in 28 C.F.R. § 20.3(I), "disposition" means information disclosing that criminal proceedings have been concluded and the nature of the termination. Dispositions include, but are not limited to, acquittal, conviction, dismissal, guilty plea, nolle prosequi, nolo contendere, no paper, not guilty, pardon, etc.

8

File ("NFF") which is a decentralized system for the interstate exchange of state criminal history records. Id. ¶ 14. Each state that participates in the NFF program maintains its own criminal history record system and is responsible for ensuring the accuracy and completeness of its own records. Id. The FBI, among other related functions, accesses the NFF for criminal justice, licensing/employment screening and other legally authorized noncriminal justice purposes and provides a positive identification through fingerprint comparison of offenders/record subjects for the NFF participating states. Id. The FBI, however, has neither the authority nor the ability to effect any change(s) in an NFF record. Id. Plaintiff must contact the North Carolina State Bureau of Investigation, Post Office Box 29500, Raleigh, North Carolina 27626-0500, to resolve any issues concerning his North Carolina arrest record. Id.

In sum, Plaintiff has not alleged any unusual or special circumstances justifying expungement of his criminal history records under an inherent equitable power of the court. See Livingston, 759 F.2d at 78 n. 30 ("In the District of Columbia, '[d]ismissal of the complaint, without more, will not justify expungement of the arrest record.'"); Stevens v. Stover, 727 F. Supp. 668, 673 (D.D.C. 1990) (denying expungement request where there was probable cause for arrest). Additionally, since Plaintiff cannot prove his constitutional rights were violated in any way, he is not entitled to the extraordinary remedy of expungement.

9

### 3. Plaintiff Has Failed To Exhaust His Administrative Remedies.

Plaintiff alleges he requested the FBI to correct his criminal history records and that the FBI failed to respond. Compl., p. 5.[2] A review of the relevant CJIS Division correspondence files fails to reveal receipt of any correspondence from Plaintiff requesting correction, modification, or expungement of his records. DelGreco Decl. ¶ 9. The absence of this correspondence demonstrates that Plaintiff has failed to pursue or exhaust the administrative procedures and remedies available to him by the FBI to amend

---

[2]Department of Justice regulations set forth the procedures for the subject of an identification record to request production of that record for review, as well as the procedures to obtain a change, correction, or updating of that record. 28 C.F.R. §§ 16.30-16.34. Section 16.31 of 28 C.F.R. defines an FBI identification record as a listing of certain information taken from fingerprint submissions retained by the FBI in connection with arrests. The identification record includes the name of the agency that submitted the fingerprints to the FBI, the date the individual was arrested or received by the submitting agency, the arrest charge and, if known to the FBI, the disposition of the arrest. DelGreco Decl. ¶ 7. All of the information included in an identification record is obtained from fingerprint submissions, disposition reports, and other reports submitted by agencies having criminal justice responsibilities. Therefore, the FBI CJIS Division is not the source of the arrest data contained in an identification record. Id.

Pursuant to section 28 C.F.R. § 16.34, if after reviewing his/her identification record, the subject believes it is incorrect or incomplete in any respect and wishes to change, correct or update the alleged deficiency, he/she can make an application directly to the agency which contributed the questioned information. The subject of a record may also direct his/her challenge as to the accuracy or completeness of any entry on his/her record to the FBI CJIS Division, Clarksburg, West Virginia. Id. ¶ 8. The FBI then forwards the challenge to the agency which submitted the data requesting that agency to verify or correct the challenged entry. Upon receipt of an official communication directly from the agency which contributed the original information, the FBI CJIS Division makes any changes necessary in accordance with the information supplied by that agency. Pursuant to the Privacy Act, these procedures have been published in Justice/FBI Privacy Act Systems of Records Notice 001 for the NCIC. Id.

or correct his identification record. Accordingly, neither the Mandamus Act nor this Court's inherent equitable authority, provide this Court with subject matter jurisdiction of this case.

    **B.    Alternatively, the Court Should Transfer this Suit to the U.S. District Court for the Southern District of West Virginia.**

If this case is not dismissed on the grounds raised above, then it should be transferred under 28 U.S.C. §1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought.

Venue for Plaintiff's mandamus is governed by 28 U.S.C. § 1391(b). See In re Hawkins, No. 03-5223, 2003 WL 22794565, *1 (D.C. Cir. Nov. 18, 2003). Section 1391(b) prescribes that a cause of action may be brought only in a judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) any defendant may be found if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

In the case at bar, none of the events were alleged to have occurred in the District of Columbia and, although the FBI's headquarters is located in this jurisdiction, its CJIS Division is located in Clarksburg, West Virginia. Thus, there is another, arguably more convenient district - i.e., the Southern District of West Virginia - where this suit might otherwise be brought. Additionally, Plaintiff is incarcerated at a facility which is closer to

the Southern District of West Virginia than this Court.  Cf. Starnes v. McGuire, 512 F.2d 918 (D.C. Cir. 1974) (en banc).  Therefore, if this suit is not dismissed, Defendant moves to have the suit transferred pursuant to 28 U.S.C. § 1404(a).

### IV. CONCLUSION

For reasons stated herein, the FBI moves for dismissal of this suit, for summary judgment in its favor, or to transfer this suit to the Southern District of West Virginia.

Date: April 21, 2005			Respectfully Submitted,


						/s/ Kenneth L. Wainstein /dvh

						_____
						KENNETH L. WAINSTEIN, D.C. BAR # 451058
						United States Attorney


						/s/ Rudolph Contreras /dvh

						_____
						RUDOLPH CONTRERAS, D.C. BAR #434122
						Assistant United States Attorney


						/s/ Beverly M. Russell

Of Counsel:					_____
Henry R. Felix, Esq.			BEVERLY M. RUSSELL, D.C. Bar #454257
Federal Bureau of Investigation	Assistant United States Attorney
						United States Attorney's Office for the
						 District of Columbia
						555 4th Street, N.W., Rm. E-4915
						Washington, D.C. 20530
						Ph:  (202) 307-0492

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing **Defendant's Motion to Dismiss, for Summary Judgment or to Transfer this Suit** was served by the Court's Electronic Case Filing System and by postage prepaid, first class mail to:

Harvey P. Short
South Central Regional Jail
1001 Centre Way
Charleston, West Virginia 24309

on this <u>21st</u> day of April, 2006.

/s/ Beverly M. Russell

_____
BEVERLY M. RUSSELL
Assistant United States Attorney