```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                                 )
HARVEY PATRICK SHORT,            )
        Plaintiff,               )
                                 )
        v.                       )   CASE NUMBER: 1:05-CV-02412-JR
                                 )
Federal Bureau of Investigation, )
        Defendant.               )
                                 )
_____)
```

**DECLARATION OF KIMBERLY J. DEL GRECO**

I, Kimberly J. DelGreco, hereby declare:

1.) I am the Section Chief of the Identification and Investigative Services Section, Criminal Justice Information Services (CJIS) Division, at the Federal Bureau of Investigation, U.S. Department of Justice, in Clarksburg, West Virginia.

2.) The statements made herein are based upon my personal knowledge and information available to me in my official capacity. Due to the nature of my official duties, I am familiar with the procedures for acquiring, collecting, classifying, preserving, and exchanging identification, criminal identification, crime, and other records.

3.) The FBI's CJIS Division serves as the nation's central repository for identification and criminal history record information (CHRI) functions. It incorporates the Fingerprint Identification Records System (FIRS), the National Crime Information Center (NCIC), and the National Instant Criminal Background Check System. These systems are established and maintained pursuant to Title 28, United States Code, Section 534, which states that "the Attorney General shall" acquire, collect,

classify, and preserve identification, criminal identification, crime, and other records; and exchange such records and information with, and for the official use of authorized officials of the Federal Government, including the United States Sentencing Commission, the states, cities, and penal and other institutions.  The power and authority vested in the Attorney General has been delegated to the FBI CJIS Division. (See 28 Code of Federal Regulations (CFR) § 0.85)

      4.)  The FIRS serves as the nation's central repository for CHRI based on fingerprint submissions from authorized federal, state, local, territorial, tribal, and certain international criminal justice agencies.

      5.)  The NCIC is a nationwide computerized information system containing information pertaining to fugitives, missing persons, stolen property, and other similar criminal justice objectives.  The NCIC also serves as the telecommunications link to an automated system of CHRI known as the Interstate Identification Index.

      6.)  Sections 16.30 through 16.34 of 28 CFR set forth the procedures for the subject of an identification record to request production of that record for review, as well as the procedures to obtain a change, correction, or updating of that record.

      7.)  Section 16.31 of 28 CFR defines an FBI identification record as a listing of certain information taken from fingerprint submissions retained by the FBI in connection

with arrests. The identification record includes the name of the agency that submitted the fingerprints to the FBI, the date the individual was arrested or received by the submitting agency, the arrest charge and, if known to the FBI, the disposition of the arrest. All of the information included in an identification record are obtained from fingerprint submissions, disposition reports, and other reports submitted by agencies having criminal justice responsibilities. Therefore, the FBI CJIS Division is not the source of the arrest data contained in an identification record.

     8.) Pursuant to section 16.34 of 28 CFR, if after reviewing his/her identification record, the subject believes it is incorrect or incomplete in any respect and wishes to change, correct or update the alleged deficiency, he/she should make application directly to the agency which contributed the questioned information. The subject of a record may also direct his/her challenge as to the accuracy or completeness of any entry on his/her record to the FBI CJIS Division, Clarksburg, West Virginia. The FBI then forwards the challenge to the agency which submitted the data requesting that agency to verify or correct the challenged entry. Upon receipt of an official communication directly from the agency which contributed the original information, the FBI CJIS Division makes any changes necessary in accordance with the information supplied by that agency. Pursuant to the Privacy Act, these procedures have been published in Justice/FBI Privacy Act Systems of Records Notice 001 for the NCIC.

9.) Plaintiff states that he requested the FBI to correct his record and that the FBI failed to respond. However, a review of the relevant CJIS Division correspondence files fails to reveal receipt of any correspondence from Plaintiff. Accordingly, Plaintiff has failed to pursue or exhaust the administrative procedures and remedies available to him by the FBI to amend or correct his identification record.

10.) With respect to his criminal history record, Plaintiff's alleges that the following entries are listed as "convictions" and requests correction and deletion.

    a.) 09/13/1983, Police Department, Baltimore, MD
    b.) 10/07/1983, Police Department, Baltimore, MD
    c.) 05/01/1985, Police Department, Baltimore, MD
    d.) 10/24/1986, Police Department, Baltimore, MD
       (It is noted that Plaintiff also challenged the accuracy of the charge appearing in this entry.)
    e.) 04/28/1987, Police Department, Baltimore, MD
    f.) 05/18/1987, Police Department, Baltimore, MD
    g.) 03/09/1988, Police Department, Landover, MD
    h.) 08/04/1988, Police Department, Landover, MD
    i.) 09/29/1988, Police Department, Baltimore, MD

11.) Plaintiff further alleges that the convictions listed in entries 03/09/1988, and 08/04/1988, were vacated on 05/30/1990. However, a review of the relevant CJIS Division files has failed to reveal receipt of any information from the Maryland authorities indicating that these convictions were vacated.

12.)    Having so stated, there are no federal statutes or case law enjoining the FBI to maintain only those arrest records reflecting convictions.  As defined in 28 C.F.R. § 30.3(i), disposition means information disclosing that criminal proceedings have been concluded and the nature of the termination.  Dispositions include, but are not limited to, acquittal, conviction, dismissal, guilty plea, nolle prosequi, nolo contendere, no paper, not guilty, pardon, etc.  With few exceptions, acquittal, dismissal, not guilty or other similar judgments only denote termination of the criminal proceedings and do not serve to affect the removal of CHRI from federal/state criminal history repositories.

13.)    The FBI CJIS Division serves as the custodian of the arrest information appearing in the criminal history records and does not have the authority to affect the revision or removal of any information, including the posting of final dispositions, unless specifically notified to do so by the agency which originally submitted it, a court with jurisdiction over the agency's records, or a state criminal history repository having authority to delete and/or modify arrest record entries for the entire state.

14.)    Finally, with regard to Plaintiff's arrest record in North Carolina, that state is part of the National Fingerprint File (NFF) which is a decentralized system for the interstate exchange of state criminal history records.  Each state that participates in the NFF program maintains its own criminal history record system and is responsible for ensuring the

5

accuracy and completeness of its own records. The FBI, among other related functions, accesses the NFF for criminal justice, licensing/employment screening and other legally authorized noncriminal justice purposes and provides a positive identification through fingerprint comparison of offenders/record subjects for the NFF participating states. However, the FBI has neither the authority nor the ability to effect any change(s) in an NFF record. Plaintiff must contact the North Carolina State Bureau of Investigation, Post Office Box 29500, Raleigh, North Carolina 27626-0500, to resolve any issues concerning his North Carolina arrest record.

    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th of March, 2006.

_____
Kimberly J. DelGreco
Section Chief of the Identification and
  Investigative Services Section
Criminal Justice Information Services Division
Federal Bureau of Investigation
U.S. Department of Justice